# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1130

_____

Vikki A. Wise,                                    *
                                                  *
              Appellee,                           *
                                                  *
      v.                                          *
                                                  *
Kind & Knox Gelatin, Inc., as Plan                *    Appeal from the United States
Administrator for the Long Term                   *    District Court for the Northern
Disability Benefit Plan of Kind and               *    District of Iowa.
Knox Gelatin, Inc.; UNUM Life                     *
Insurance Company of America, as                  *
Co-Administrator and Underwriter for              *
said Plan,                                         *
                                                  *
              Appellants.                         *

_____

Submitted: September 15, 2005
Filed:  December 7, 2005

_____

Before RILEY, HEANEY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

      Vikki A. Wise (Wise) brought this action under the Employee Retirement
Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, to recover benefits under the
Long Term Disability Benefit Plan (Plan) provided by her employer, Kind & Knox
Gelatin, Inc. (Kind & Knox).  UNUM Life Insurance Company of America (UNUM)

was the benefits provider and co-administrator of the Plan with Kind & Knox, the Plan administrator. The district court held the Plan administrators abused their discretion in denying Wise's claim. The Plan and UNUM appeal. We reverse.

## I. BACKGROUND

Wise started working as an accounting manager for Kind & Knox on September 8, 1998. On October 8, 1998, after working for Kind & Knox for thirty days, Wise became eligible for long term disability benefits.

On May 2, 2000, Wise submitted a claim for long term disability benefits, asserting she was totally disabled due to "Severe pain on left side." Wise indicated she first noticed the pain and was treated by a physician for her symptoms on December 3, 1999. Wise believed her pain was caused by a birth defect resulting in her arms being three inches shorter than normal between her shoulder and elbow. Wise's physician, Dr. John Roberts (Dr. Roberts), completed a physician's statement in support of Wise's claim for long term disability benefits, describing her symptoms as "Chest wall tenderness – pain left side – ribs & back pain." His "Objective Findings" were "Chronic pain syndrome – Intercostal neuritis."[1] Dr. Roberts also stated Wise's depression secondarily contributed to her disability.

---

[1]Intercostal neuritis is "[i]nflamation of a nerve . . . [b]etween the ribs." *Stedman's Medical Dictionary* 910, 1207 (27th ed. 2000).

The Plan[2] limits coverage for a pre-existing condition, defined as "a sickness or injury for which the insured received medical treatment, consultation, care or services including diagnostic measures, or had taken prescribed drugs or medicines in the 6 months prior to the insured's effective date." The Plan does not cover pre-existing conditions unless "the insured completes, after [her] effective date of coverage, a [treatment-free] period of 12 consecutive months during which [s]he has not received medical treatment, consultation, care or services including diagnostic measures, or taken prescribed drugs or medicines."

UNUM denied Wise's claim, concluding her conditions were pre-existing and she received medical treatment for her pre-existing conditions during the treatment-free period, October 8, 1998, through October 7, 1999. Wise appealed UNUM's decision, arguing (1) she had four separate conditions rendering her disabled: intercostal neuritis, costochondritis,[3] chronic pain, and depression; and (2) she did not receive medical treatment for each condition during the treatment-free period.

UNUM referred Wise's appeal to an in-house physician, Dr. Maureen Lee (Dr. Lee), for analysis. Dr. Lee identified two conditions for which Wise filed a claim for disability benefits: (1) "chronic pain syndrome (intercostal neuritis/costochondritis)," and (2) depression. Dr. Lee concluded Wise received

---

[2]While Wise worked at Kind & Knox, the Plan was funded by two separate policies: the 1995 Plan and the 1999 Plan. The district court held the Plan did not abuse its discretion in concluding Wise had a pre-existing condition and received treatment for such condition under the 1999 Plan. Wise has not filed a cross appeal of that determination. Accordingly, the parties agree the issue on appeal is whether the Plan abused its discretion in concluding Wise had a pre-existing condition and received treatment for such condition under the 1995 Plan.

[3]Costochondritis is defined as "[i]nflammation of one or more costal cartilages, characterized by local tenderness and pain of the anterior chest wall that may radiate, but without the local swelling typical of Tietze syndrome." *Stedman's Medical Dictionary* 418 (27th ed. 2000).

treatment during the treatment-free period for these two conditions. Based on Dr. Lee's report, UNUM denied Wise's appeal.

Thereafter, Wise contested the denial of coverage by filing suit in the district court. On judicial review, the district court reviewed UNUM's denial of benefits for an abuse of discretion. The district court determined (1) Wise had four separate conditions–intercostal neuritis, costochondritis, chronic pain, and depression, and (2) although Wise received treatment for left side pain during the treatment-free period, there was no evidence suggesting Wise specifically received treatment for intercostal neuritis. In response to UNUM's argument that Wise was prescribed Ultram for intercostal neuritis during the treatment-free period, the district court stated, "Ultram, a very mild painkiller, obviously is not something that would be used to treat disabling pain due to inflamed nerves." The district court thus remanded for a determination of disability and payment of benefits.

## II.    DISCUSSION

A deferential standard of review is appropriate under ERISA if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The parties agree the district court properly applied an abuse of discretion standard of review in analyzing UNUM's disability determination. See id.

In applying an abuse of discretion standard, "we must affirm if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Ferrari v. Teachers Ins. & Annuity Ass'n, 278 F.3d 801, 807 (8th Cir. 2002) (quotation omitted). A reasonable decision is one based on substantial evidence. Norris v. Citibank, N.A. Disability Plan (501), 308 F.3d 880, 883-84 (8th Cir. 2002). We may consider both the quantity and quality of evidence before a plan administrator. Id. at 884. We should be hesitant to

interfere with the administration of an ERISA plan. <u>Id.</u> at 883. We review de novo the district court's application of this deferential standard of review. <u>Id.</u> at 884.

Wise concedes her intercostal neuritis, costochondritis, chronic pain, and depression are pre-existing conditions, and she received treatment for costochondritis, chronic pain, and depression during the treatment-free period (October 8, 1998, through October 7, 1999). Wise contends, however, she qualifies for disability coverage because she did not receive treatment for intercostal neuritis during the treatment-free period.

The issue before UNUM was whether, between October 8, 1998, and October 7, 1999, Wise "received medical treatment, consultation, care or services, including diagnostic measures, or [took] prescribed drugs or medicines" for a pre-existing condition. UNUM concluded Wise received treatment for a pre-existing condition during the treatment-free period. In reaching that conclusion, UNUM relied on Dr. Lee's report indicating Wise had two (not four) pre-existing conditions: chronic pain syndrome (intercostal neuritis/costocondritis) and depression. UNUM also relied on Wise's treating physicians' notes.

UNUM's conclusion that Wise received treatment for chronic pain syndrome, including specifically intercostal neuritis, during the treatment-free period is supported by substantial evidence. On March 19, 1999, during the treatment-free period, Wise saw Dr. Roberts "for a check up of multiple medical problems." Dr. Roberts's notes from this office visit mention costochondritis, but not intercostal neuritis. Even though Dr. Roberts did not diagnose Wise with intercostal neuritis during the March 19 office visit, various doctors, including Dr. Roberts, diagnosed Wise, both before and after the treatment-free period, as having intercostal neuritis, costochondritis, chronic pain syndrome, and depression. Given Wise's office visit with Dr. Roberts on March 19 "for a check up of multiple medical problems," UNUM reasonably concluded Wise received follow-up treatment during the treatment-free period for her

pre-existing condition of intercostal neuritis. Further, UNUM's recognition of two, rather than four, pre-existing conditions, coupling the intercostal neuritis with the costochondritis in evaluating the "Severe pain on left side," was not unreasonable.

Additionally, on August 30, 1999, Wise telephoned Dr. Roberts's office complaining of left rib pain, and Dr. Roberts advised Wise she could take Ultram for the left rib pain. The district court's observation that Dr. Roberts could not possibly have prescribed Ultram for intercostal neuritis during the treatment-free period, because "Ultram, a very mild painkiller, obviously is not something that would be used to treat disabling pain due to inflamed nerves," is not supported by the record. No evidence in the record limits or even defines the prescribed uses for Ultram, other than Dr. Roberts's express prescription of Ultram for Wise's left rib pain. We are unable to find any support in the record for the district court's factual conclusion regarding Ultram.

Given our highly deferential standard of review and UNUM's reasonable conclusion that Wise sought and received treatment for intercostal neuritis during the treatment-free period, we will not disturb UNUM's decision to deny benefits, even if UNUM could have made a different reasonable decision. Therefore, we hold UNUM did not abuse its discretion in denying Wise's claim for long term disability benefits.

## III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court.

_____